UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT M. ARONOVSKY,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br><br>    Defendant. | Case No. 19-cv-02356-VKD<br><br>**ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 23, 25 |

Plaintiff Robert Aronovsky appeals a final decision by the Commissioner of Social Security ("Commissioner")[1] finding that he was ineligible for continued receipt of Supplemental Security Income ("SSI") for a three-year period based on a transfer of resources that the Commissioner determined was made for less than fair market value.[2] The parties have filed cross-motions for summary judgment, and the matter was submitted without oral argument. Upon consideration of the moving and responding papers, the relevant evidence of record, and for the reasons set forth below, Mr. Aronovsky's motion for summary judgment is denied, and the Commissioner's cross-motion for summary judgment is granted.[3]

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Andrew M. Saul is substituted for his predecessor, Nancy A. Berryhill.

[2] Mr. Aronovsky also receives disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423, which are not at issue in the present appeal.

[3] All parties have expressly consented that all the proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 8, 10.

## I. BACKGROUND

Since 1987, Mr. Aronovsky has been receiving SSI benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381, *et seq.* In October 2015, Mr. Aronovsky, along with his two brothers, received an inheritance from a deceased relative. The facts underlying this appeal are largely undisputed, and with respect to Mr. Aronovsky's transfer of his inheritance, the parties appear to agree that the administrative law judge ("ALJ") correctly summarized the facts as follows:

> In October 2015, the claimant and his brothers, Stephen Aronovsky and Ken Aronovsky[,] inherited $160,000.00 each from the distribution of The Aronovsky Family Trust. (Exhibit 1, 8, 10, Testimony). On October 29, 2015, the claimant withdrew $159,800.00 from his checking account and transferred it to a joint account held by Stephen and Ken. (Exhibit 1/6, 11). The claimant and his brothers, Steve and Ken[,] live in a house owned by their mother, Joan Green. (8, Testimony)[.] Ken is the claimant's appointed representative payee, and his brothers take care of him and their mother. (Exhibit 8, Testimony)[.] The claimant and his brothers used their inheritance to pay off $401,889.27 of debt owed on the house, in which they live with their mother. (Exhibit 1/15-19, 8).

AR 10, 12-30, 71-72, 75-76B, 130; Dkt. No. 23 at 4; Dkt. No. 25 at 2.

On March 15, 2017, the Social Security Administration ("SSA") notified Mr. Aronovsky that beginning November 1, 2015 through October 1, 2018, he was deemed ineligible for SSI payments "due to a transfer of your resource for less than it[s] fair market value." AR 77. Mr. Aronovsky's request for reconsideration was denied. AR 85-88. Mr. Aronovsky then requested a hearing with an ALJ, which was held on February 1, 2018. AR 127-145. On March 27, 2018 the ALJ issued a decision, noting that a period of ineligibility for SSI benefits applies to transfers of a resource for less than fair market value, unless a recognized exception applies. AR 10. The ALJ concluded that Mr. Aronovsky was ineligible for SSI benefits during the three-year period in question because he "used $159,800.00 of his $160,000.00 inheritance to pay part of his mother's outstanding mortgage," but "[Mr. Aronovsky] did not have ownership interest in the house and did not obtain any ownership interest." AR 11.

The Appeals Council denied Mr. Aronovsky's request for review of the ALJ's decision. AR 2-4. Mr. Aronovsky then filed the present action seeking judicial review of that decision.

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; see also *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

## III. DISCUSSION

SSI benefits are available only to persons who are aged, blind, or disabled, with income or resources less than amounts prescribed by the Act. *See* 20 C.F.R. §§ 416.1100, 416.1205(c). To be eligible for SSI, an individual such as Mr. Aronovsky is limited to $2,000 in resources. *See* 42 U.S.C. § 1382(a)(3)(B); 20 C.F.R. § 416.1205(c); *see also* 20 C.F.R. § 416.1201(a) (stating that "resource means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance."). An inheritance generally is considered income that counts against SSI. *See* 42 U.S.C. § 1382a (providing that "income" includes both earned and unearned income); 20 C.F.R. § 416.1121(g) (listing an inheritance as unearned income).[4]

---

[4] An exception is made for inheritance sums that "are used to pay the expenses of the deceased's last illness and burial," as defined by regulation. 20 C.F.R. §416.1121(g). There is no indication that such expenses are at issue in the present action.

3

The SSA's Program Operations Manual System ("POMS")[5] provides for a period of ineligibility for SSI, up to 36 months, for an individual who transfers resources for less than fair market value. *See* POMS SI 01150.110; *see also* POMS SI 01150.007 (stating that giving away cash to another person or using cash to buy something for another person are transfers that may trigger a period of ineligibility for transferring a resource for less than fair market value, unless a recognized exception applies). Relevant to the present appeal, Mr. Aronovsky points out that the Act provides that a claimant shall not be deemed ineligible for benefits where there is a "satisfactory showing" made in accordance with the Commissioner's regulations that the resources in question were transferred "exclusively for a purpose other than to qualify for benefits":

> An individual shall not be ineligible for benefits under this subchapter by reason of the application of this paragraph to a disposal of resources by the individual or the spouse of the individual, to the extent that . . . a satisfactory showing is made to the Commissioner of Social Security (in accordance with regulations promulgated by the Commissioner) that . . . the resources were transferred exclusively for a purpose other than to qualify for benefits under this subchapter.

42 U.S.C. § 1382b(c)(1)(C)(iii)(II); *see also* Dkt. No. 23 at 5.[6] The Commissioner's regulations provide that a transfer of resources for less than fair market value gives rise to a presumption that the transfer was made for the purpose of establishing eligibility for SSI, which may be rebutted where the claimant provides "convincing evidence" that the resource was transferred exclusively for some other reason:

---

[5] Although the POMS "does not impose judicially enforceable duties on either this court or the ALJ,'" *Kennedy v. Colvin*, 738 F.3d 1172, 1177 (9th Cir. 2013) (quoting *Carillo-Years v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011)), the Court cites the POMS here for context regarding the SSA's consideration of transfers of resources.

[6] Section § 1382b also provides that an individual will not be deemed ineligible for benefits in situations involving transfers of title to a home or transfers to a spouse or trust. 42 U.S.C. § 1382(c)(1)(C)(i), (ii). Neither of those situations applies here. Mr. Aronovsky has presented no argument regarding other portions of § 1382b(c)(1)(C)(iii), which provide an exception based on evidence that "the individual who disposed of the resources intended to dispose of the resources either at fair market value, or for other valuable consideration" or where "all resources transferred for less than fair market value have been returned to the transferor." *Id*. § 1382b(c)(1)(C)(iii)(I), (III). Although the Act also provides an exception where "the Commissioner determines, under procedures established by the Commissioner, that the denial of eligibility would work an undue hardship as determined on the basis of criteria established by the Commissioner," *id*. § 1382(c)(1)(C)(iv), Mr. Aronovsky presents no argument concerning undue hardship here.

4

> (e) Presumption that resource was transferred to establish SSI or Medicaid eligibility. Transfer of a resource for less than fair market value is presumed to have been made for the purpose of establishing SSI or Medicaid eligibility unless the individual (or eligible spouse) furnishes convincing evidence that the resource was transferred exclusively for some other reason. Convincing evidence may be pertinent documentary or non-documentary evidence which shows, for example, that the transfer was ordered by a court, or that at the time of transfer the individual could not have anticipated becoming eligible due to the existence of other circumstances which would have precluded eligibility. The burden of rebutting the presumption that a resource was transferred to establish SSI or Medicaid eligibility rests with the individual (or eligible spouse).

20 C.F.R. § 416.1246(e). The SSA's POMS further provide that "[i]f the individual had some other purpose for transferring the resource, but an expectation of establishing or maintaining SSI eligibility was also a factor, the period of ineligibility would apply." POMS SI 01150.125(B).

Mr. Aronovsky argues that his transfer of funds was made for a purpose other than maintaining SSI eligibility—namely, to make a mortgage payment and avoid foreclosure of his mother's home where he lives with his family. The ALJ found that "[t]he record supports the testimony at the hearing and the statements in the record that the claimant used $159,800.00 of his $160,000.00 inheritance to pay part of his mother's outstanding mortgage." AR 11. She further credited Stephen Aronovsky's testimony and Ken Aronovsky's statements regarding Mr. Aronovsky's and his family's communal living arrangements, noting that Mr. Aronovksy is a "sympathetic individual" who "continues to rely on his family for support." *Id.*

Nevertheless, the ALJ found "no legal basis to circumvent the provisions of [42 U.S.C. § 1382b]" regarding transfers for less than fair market value where Mr. Aronovsky obtained no ownership interest in the property. *Id.* In reaching that conclusion, the ALJ rejected Mr. Aronovsky's arguments, based on POMS SI ATL 01110.516, that he established an equitable life estate in the property. AR 11. The ALJ reasoned that the cited POMS applies in the Atlanta, Georgia region, and not in California, and that Mr. Aronovksy's circumstances do not meet the requirements of that POM in any event. *Id.* Mr. Aronovsky does not appear to challenge that conclusion and has provided this Court with no argument or any basis to find that the ALJ's conclusion is incorrect as a matter of law.

Mr. Aronovsky instead contends that the ALJ misconstrued 42 U.S.C. § 1382b and determined that the three-year penalty applied based solely on a transfer of resources for less than market value, without considering that the transfer was made for a reason other than maintaining SSI eligibility. Here, Mr. Aronovksy argues that because "the ALJ specifically determined that [he] 'used $159,800.00 of his $160,000.00 inheritance to pay part of his mother's outstanding mortgage,' the ALJ should have realized that the assessed penalty should not apply because the resource was <u>transferred for a purpose other than maintaining SSI eligibility</u>." Dkt. No. 23 at 5 (quoting AR 11). As discussed above, however, § 1382b together with the Commissioner's regulations require "convincing evidence" demonstrating that the transfer in question was made "exclusively" for a reason other than maintaining SSI eligibility. *See* 42 U.S.C. § 1382b(c)(1)(C)(iii)(II); 20 C.F.R. § 416.1246(e). The SSA's POMS suggests that such evidence includes proof that the subject transfer was not within the individual's control; that the individual could not have anticipated SSI eligibility at the time of the transfer; that there was an unexpected loss of other resources or income which would have precluded SSI eligibility; or that at the time of the transfer, the transferred resource would have been an excluded resource under the SSI rules. POMS SI 01150.125(C). Mr. Aronovsky has pointed to no such evidence in the record. Having reviewed the record, the Court finds that the ALJ's decision is supported by substantial evidence. Hearing testimony by Stephen Aronovsky, for example, indicates that not all of Mr. Aronovsky's $159,800.00 was needed for the mortgage payment, and that the remainder of his funds was used "for expenses, property taxes, maintenance of the house, things like that," although the particular expenses and amounts paid were not specified. AR 141; *see also* AR 31-68. On this record, and in view of the applicable standard of review, this Court cannot find that the ALJ erred in concluding that the imposition of a three-year period of ineligibility was appropriate.

**IV.   CONCLUSION**

Based on the foregoing, the Court denies Mr. Aronovsky's motion for summary judgment and grants the Commissioner's motion for summary judgment. The Clerk shall enter judgment

accordingly and close this file.

**IT IS SO ORDERED.**

Dated: September 30, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge